IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-4-D
No. 5:19-CV-544-D

| | |
|---|---|
| LUCAS VASQUEZ-CHAVARRIA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On December 2, 2019, Lucas Vasquez-Chavarria ("Vasquez-Chavarria") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 51-month sentence [D.E. 151]. On May 11, 2020, the government moved to dismiss Vasquez-Chavarria's motion [D.E. 157] and filed a memorandum in support [D.E. 158]. On May 27, 2020, Vasquez-Chavarria moved to extend time to file a response [D.E. 160]. On June 8, 2020, Vasquez-Chavarria responded [D.E. 161]. As explained below, the court grants Vasquez-Chavarria's motion to extend time to respond, grants the government's motion to dismiss, and dismisses Vasquez-Chavarria's section 2255 motion.

I.

On November 8, 2017, a jury convicted Vasquez-Chavarria possession of contraband (buprenorphine) in prison and aiding and abetting. See [D.E. 95]; Trial Tr. [D.E. 121] 95–101. On July 20, 2018, the court held Vasquez-Chavarria's sentencing hearing. The court adopted the facts set forth in the Presentence Investigation Report ("PSR"), overruled Vasquez-Chavarria's objection, and calculated Vasquez-Chavarria's advisory guideline range to be 41 to 51 month's imprisonment based on a total offense level 15 and criminal history category VI. See Sentencing Tr. [D.E. 144]

3–11. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vasquez-Chavarria to 51 months' imprisonment to run consecutive to his current term of imprisonment. See id. at 16–22. Vasquez-Chavarria appealed [D.E. 137]. On April 8, 2019, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Vasquez-Chavarria, 764 F. App'x 296, 297 (4th Cir. 2019) (per curiam) (unpublished). In affirming this court's judgment, the Fourth Circuit rejected Vasquez-Chavarria's arguments concerning the two-level enhancement for obstruction of justice. See id.

In Vasquez-Chavarria's section 2255 motion, Vasquez-Chavarria contends that his counsel failed to investigate and interview his co-defendant Rosario-Perez even though Vasquez-Chavarria told counsel to interview him about the buprenorphine. See [D.E. 151] 13–14. According to Vasquez-Chavarria, his co-defendant Rosario-Perez would have testified that he was the person who brought the buprenorphine into the cell. See id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Vasquez-Chavarria must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that

3

counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Vasquez-Chavarria's claim fails concerning counsel's performance. Defense counsel's investigation was adequate and falls within the wide range of acceptable professional performance. See, e.g., Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). Here, the government's case did not turn on circumstantial evidence that Vasquez-Chavarria constructively possessed the buprenorphine. Rather, a correctional officer testified that he saw Vasquez-Chavarria with the buprenorphine in his hands in a bowl with his nickname on it, gave the buprenorphine to his co-defendant Rosario-Perez, pushed the officer, and attempted to escape. See PSR [D.E. 125] ¶ 7. Rosario-Perez then ran from the cell until being subdued. See id. On these facts, even if defense counsel had called Rosario-Perez as a witness and Rosario-Perez testified that he brought the buprenorphine to the cell, such testimony would not have addressed the issue of possession. Moreover, defense counsel already knew that Rosario-Perez's statement at the prison disciplinary proceeding would not have been helpful in defending against the possession claim. See PSR ¶ 8. On this record, there was no deficient performance. See Strickland, 466 U.S. at 687–91. Alternatively, Vasquez-Chavarria has not plausibly alleged prejudice in light of the trial evidence. See id. at 689–700.

After reviewing the claim presented in Vasquez-Chavarria's motion, the court finds that reasonable jurists would not find the court's treatment of Vasquez-Chavarria's claim debatable or

4

wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 157], GRANTS Vasquez-Chavarria's motion to extend time to respond [D.E. 160], DISMISSES Vasquez-Chavarria's section 2255 motion [D.E. 151], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 18 day of August 2020.

JAMES C. DEVER III
United States District Judge

5

Case 5:17-cr-00004-D   Document 162   Filed 08/18/20   Page 5 of 5